IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOHAMMAD UMER KHAN ABBASI<br>d/b/a LT SYSTEM,<br><br>　　Plaintiff,<br><br>Vs.<br><br>JIPAL P. BHALODWALA,<br>REALTIME NETWORKING, INC., and<br>JOHN DOES 1-5,<br><br>　　Defendants. | CIVIL ACTION<br><br>FILE NO. _____ |

## COMPLAINT

### Nature of Action

1.　　Plaintiff Mohammad Umer Khan Abbasi, d/d/a LT System, seeks injunctive relief and damages for copyright infringement, trademark infringement, false designation of origin and unfair competition, violations of the Georgia Deceptive Trade Practices Act and the Georgia Fair Business Practices Act, tortious interference with business relations, and unjust enrichment as a result of activities engaged in by Defendants in violation of the laws of the United States and the State of Georgia.

### Parties

2.　　Plaintiff Abassi is a resident of the State of Georgia.

3.　　Defendant Jipal P. Bhalodwala is an individual residing in Georgia and may be served with process at .

4.　　Defendant RealTime Networking, LLC ("RealTime") is a Georgia Limited Liability Company with its Registered Agent, Jipal P. Bhalodwala, located at 160 A Mill Way, Milledgeville, GA 31061.

5. Defendants John Doe 1-5 are the agents and employees of RealTime who have engaged in the infringing and improper activities described herein.

## Jurisdiction and Venue

6. This action arises under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), Lanham Trademark Act (15 U.S.C. § 1125(a)), the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370 et seq.), the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390 et seq.), and common law.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and the principles of supplemental jurisdiction.

8. The venue of this action is properly laid in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) and 1400(a).

9. This Court has personal jurisdiction over the Defendants, who reside in this State and District or are co-defendants and joint tortfeasors with those who reside in this State and District.

## Allegations Common to all Claims for Relief

10. Plaintiff has developed and is marketing a lottery ticket tracking tool, called the Lottery Tracking System, for use in convenience stores, gas stations, and other locations where tickets are sold.

11. Plaintiff created and is the owner of the software used in the Lottery Tracking System, also referred to as LTS.

12. The software was registered with the U.S. Copyright Office on August 10, 2010, Registration Number TX 7-300-593. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "A."

13. Plaintiffs advertised the Lottery Tracking System through a variety of means, and licensed the software to numerous customers owning stores selling lottery tickets.

14. Plaintiff began marketing and selling the product in February 2010.

15. Because Plaintiff has been using the names Lottery Tracking System and LTS (the "Marks") for more than five years, Plaintiff is entitled to a presumption of secondary meaning and trademark protection for the Marks.

16. When Plaintiff licenses the software, the customer must agree to the terms of the End-User Licensing Agreement (the "EULA") in order to install and use the Lottery Tracking System.

17. The EULA notifies the customer of the coyrighted nature of the software and further contains an agreement that the customer will not "reverse engineer, decompile, or disassemble the software product." A true and correct copy of the EULA is attached hereto as Exhibit "B."

## The Infringements

18. In December 2012, Plaintiff licensed a copy of the Lottery Tracking System to a person identifying himself as "Sunny Milledgeville," owner of a Stop N Save convenience store located at 844 W Montgomery St., Milledgeville, Georgia, 31061.

19. Plaintiff provided the Lottery Tracking System software, and also provided 138 minutes of phone service to "Sunny," starting December 5, 2012 and ending January 5, 2013, to assist and explain the software and system.

20. On December 21, 2012, Plaintiff received a notification that someone had improperly attempted to sign in to his Google account which he uses for the Lottery Tracking System. The improper login was from an IP address in Milledgeville.

21. Plaintiff subsequently learned that Defendant RealTime, started in January 2014, was selling an application which provided the ability to track lottery ticket sales, an application that is substantively identical to the Lottery Tracking System. In fact, images of the application on RealTime's web page show images that have been copied directly from Plaintiff's copyrighted software.

22. Defendant RealTime, owned by Defendant Bhalodwala, uses as its business address on its "Contact Us" section the same address as Mr. Bhalodwala's Stop N Save store, 844 W Montgomery St., Milledgeville, Georgia, 31061.

23. Defendant's "Contact Us" page also lists the email address "maitry82@gmail.com" and the phone number 404-396-1776, which was the contact information provided by "Sunny Milledgeville" and through which Plaintiff provided telephone service to "Sunny."

24. "Sunny," Plaintiff's licensee of the Lottery Tracking System, is clearly Mr. Bhalodwala or one of his agents or employees acting on his behalf.

25. Defendants used Plaintiff's copyrighted software to create their own application, and such application is a derivative work of Plaintiff's registered software.

26. Defendants ostensibly call their infringing product Lottery Artificial Intelligence, but it is referred to throughout their marketing materials by the name Lottery Tracking App or LAI.

27. Defendants market their software application as the Lottery Tracking App or Lottery Tracking System not only in their written materials but also in their communications with potential customers, which creates a substantial likelihood of confusion with Plaintiff's

Marks, especially when Plaintiff and Defendant are marketing to the same customers—owners of convenience stores, gas stations, and other small stores selling lottery tickets.

28. In fact, Plaintiff has received calls from his customers who have been approached by Defendants and to whom Defendants have held their product out as the Lottery Tracking System.

**Count I**

**Federal Copyright Infringement**

29. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 above, as if fully set forth herein.

30. This Count arises under the Copyright Act of 1976, Title 17 United States Code § 101 *et seq*.

31. Plaintiff's software is a wholly original work, and constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

32. Plaintiffs have complied in all respects with the laws covering copyright and have secured the exclusive rights and privileges in and to the copyrights to the software.

33. Defendants have infringed and threaten to further infringe Plaintiffs' copyrights in the software by the copying the software and/or using the software as the basis for a derivative work, and by marketing and distributing their infringing application in this District and throughout the United States.

34. Defendants willfully infringed Plaintiff's copyright.

35. Defendants knew that the application was a direct copy or an derivative work and constituted infringement of the software.

36. Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount not yet determined or ascertainable.

37. Upon information and belief, Defendants have obtained and are about to obtain gains, profits and advantages as a result of their wrongful acts in an amount not yet determined.

38. Plaintiffs are therefore entitled to:

(a) A preliminary and permanent injunction preventing the distribution, marketing, release, sale and license of the infringing application;

(b) The recall of all copies of the infringing application;

(c) The impoundment of all copies of the infringing application in their possession, custody or control; and

(d) All profits received by Defendants from the distribution, marketing, release, sale and rental of the infringing application;

(e) All consequential damages suffered by Plaintiffs; or

(f) Statutory damages for willful infringement in the amount of $150,000; and

(g) Plaintiffs' expenses of litigation, including reasonable attorneys' fees.

## Count II

### Unfair Competition Under § 43 of the Lanham Act

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 above, as if fully set forth herein.

40. This Count arises under § 43(a) of the Lanham Act, Title 15 United States Code § 1125(a).

41. The Marks have been in use in commerce by Plaintiff since February 2010 and have acquired a secondary meaning among the public, especially the relevant consumers.

42. The Defendants' use of the name Lottery Tracking App is unauthorized and has been done in order to delude and confuse the public into believing that Defendants' application is the same as or is related to Plaintiff's software system.

43. Upon information and belief, the unauthorized use of the name Lottery Tracking App is and will be damaging to and does and will dilute the distinctiveness of the Marks, as well as the goodwill and reputation of Plaintiff.

44. Defendants, by misappropriating and using the name Lottery Tracking App, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their infringing application, and have caused such infringements to enter interstate commerce with full knowledge of the falsity of their designation of origin and description and representation in an effort to mislead the public into believing that the infringing events are authorized by or emanates from Plaintiff.

45. These acts constitute a violation of the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Upon information and belief, the Defendants willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's mark.

47. These acts constitute a violation of the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c), entitling Plaintiff to the damages provided for in 15 U.S.C. §§ 1117(a) and 1118.

48. The continued use by Defendants of the name Lottery Tracking App has caused, and unless restrained, will continue to cause, serious and irreparable injury to Plaintiff.

49. Plaintiff has no adequate remedy at law and are suffering irreparable harm and damage as a result of the Defendants' acts in an amount not yet determined or ascertainable.

50. Upon information and belief, the Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount not yet determined.

51. The Defendants' actions constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), entitling Plaintiffs to the following:

(a) A preliminary and permanent injunction restraining Defendants from advertising or marketing their application as the Lottery Tracking App;

(b) An assessment of three times the Defendants' profits from the infringing events and any and all related products and merchandise;

(c) An assessment of three times the damages sustained by Plaintiff;

(d) The costs of this action;

(e) An award of Plaintiff's reasonable attorneys' fees; and

(f) The destruction of all copies of the infringing application, and any and all related products and merchandise.

## Count III

### Georgia Fair Business Practices Act

52. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 51 above, as if fully set forth herein.

53. Defendants' conduct as specified above in choice of name, advertising, marketing, and general business practices constitutes a direct violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

## Count IV

## Uniform Deceptive Trade Practices Act

54. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 53 above, as if fully set forth herein.

55. This Count arises under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq.

56. Defendants have created a likelihood of confusion as to the source or sponsorship of the infringing events and any related products and merchandise by the marketing of the infringing events in Georgia and elsewhere throughout the United States, where Plaintiff has previously used and established significant goodwill in and to the Marks.

57. The acts of Defendants complained of herein violate the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq.

58. Defendants willfully engaged in the creation, marketing, and selling of infringing applications, knowing their actions to be deceptive.

59. Plaintiff is entitled to equitable injunctive relief against Defendants restraining and enjoining them from reproducing, marketing, distributing and selling the infringing application and any related products and merchandise, and his expenses of litigation, including its reasonable attorneys' fees.

## Count V

### Fraud Pursuant to O.C.G.A. § 23-2-55

60. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 above, as if fully set forth herein.

61. The acts of Defendants complained of herein constitute unfair competition in violation of O.C.G.A. § 23-2-55.

62. Defendants' infringement and unfair competition were fraudulent, willful and malicious, such that it raises the presumption of a conscious indifference to the consequences of their actions, thereby entitling Plaintiff to an award of exemplary damages in an amount to be determined by the enlightened conscience of a jury.

## Count VI

### Tortious Interference with Business Relations

63. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 62 above, as if fully set forth herein.

64. Defendants marketed their infringing product to the same customers with whom Plaintiff is doing or has done business.

65. Defendants marketed their application using the same trademarks as Plaintiff, to the same consumers who would license Plaintiff's software.

66. Therefore, Defendants acted improperly and without privilege, acted purposely and with malice and intent to injure, induced third parties not to enter into or continue a business relationship with Plaintiff, and caused Plaintiff financial injury.

## Count VII

### Unjust Enrichment

67. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 66 above, as if fully set forth herein.

68. Plaintiffs have developed a brand of Spring Break events that is popular with partygoers, particularly among Miami Spring Breakers.

69. Defendants have capitalized on Plaintiffs' work by hosting their own parties and events under Plaintiffs' brand.

70. Plaintiffs conferred a benefit on Defendants by providing them with a brand and venues under which to host profitable Spring Break events, but Defendants provided no compensation to Plaintiffs for this benefit.

71. Equity demands that Defendants compensate Plaintiffs for this unreturned benefit.

## Count VIII

### Breach of Contract

72. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 71 above, as if fully set forth herein.

73. Defendant Bhalodwala, or an agent acting on his behalf, entered into contract with Plaintiff by agreeing to the EULA and all terms contained therein.

74. The EULA states that the licensee shall not reverse engineer, decompile, or disassemble the Lottery Tracking System software.

75. Defendants have reverse engineered, decompiled, and/or disassembled the software to create their infringing application.

76. This constitutes a breach of contract, and entitled Plaintiff to damages in an amount to be proven at trial.

## Count IX

### Expenses of Litigation

77. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 77 above, as if fully set forth herein.

78. Defendants have acted in bad faith, been stubbornly litigious and/or caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover his expenses of litigation, including his reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiff respectfully prays for the following relief:

A. An Order preliminarily and permanently enjoining and restraining Defendants and those in active concert or participation with them from:

1. Distributing copies or derivative works of Plaintiff's copyrighted software, including but not limited to the infringing application;

2. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any merchandise sold by Defendants are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

3. Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting any dilution of Plaintiffs' name, reputation or goodwill;

    4.    Secreting, destroying, altering, removing or otherwise dealing with the unauthorized products or books or records which contain any information relating to the creation, production, distribution, circulation, sale, rental, offering for sale, advertising, promoting or displaying the infringing marks and any related products and merchandise.

B.    Directing that Defendants recall all infringing products and products or merchandise using the infringing marks distributed throughout the United States and the World pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118.

C.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the infringing application and any related products or merchandise are authorized by Plaintiff or are in any way related to Plaintiff or his products.

D.    Directing than an accounting and judgment be rendered against Defendants for:

    1.    All profits received by Defendants from the infringing application and all related products and merchandise, as provided for by 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a);

    2.    All damages suffered by Plaintiff as a result of Defendants' copyright infringement, as provided for by 17 U.S.C. § 504(b);

    3.    Statutory damages against Defendants in the amount of $150,000 for the willful infringement of each copyrighted work infringed, as provided for in 17 U.S.C. § 504(c)(2), if such amounts are greater than the amounts of items (a) and (b) above;

        4.        All profits received by Defendants and all damages sustained by Plaintiff on account of Defendants' unfair competition; and

        5.        Damages in the amount of Defendants' sales, trebled pursuant to 15 U.S.C. § 1117(a).

        6.        Damages suffered by Plaintiff as a result of Defendants' Tortious Interference with Business Relations, Unjust Enrichment, and Breach of Contract in an amount to be proven at trial.

E. An award of exemplary damages against Defendants for their willful and malicious infringement and unfair competition

F. Ordering that Plaintiff recovers the costs of this action together with reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117(a), O.C.G.A. § 10-1-370 et seq., and O.C.G.A. § 13-6-11.

G. Directing that the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

H. Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred with this action.

## TRIAL BY JURY

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted, this 30th day of March, 2015.

s/Thomas J. Mihill
Thomas J. Mihill
Georgia Bar Number: 001363
CANNON, MIHILL & WINKLES
101 Marietta Street, Suite 3120
Atlanta, Georgia 30303
Telephone: (404) 891-6700
Facsimile: (404) 467-6701
tjmihill@cmw-law.com
*Counsel for Plaintiffs*
